UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

In Re:                                      Case No.: 10-39163-PGH
                                            Chapter 11
NEW HAITIAN ALLIANCE CHURCH
OF BOYNTON BEACH, INC.,

        Debtor.
_____/

**DEBTOR'S PLAN OF REORGANIZATION**

Respectfully submitted by:

Maurice Hinton, Esq.
FBN: 26215
3010 N. Military Trial, Ste. 300
Boca Raton, FL 33431
(561) 613-0098
mdh@rasflaw.com

## DEBTOR'S PLAN OF REORGANIZATION

## ARTICLE I
## DEFINITIONS

For the purposes of this Plan and to the extent not otherwise provided herein, the terms below shall have the respective meanings hereinafter set forth and, unless otherwise indicated, the singular shall include the plural and capitalized terms shall refer to the terms as defined in this Article and, any term used in the Plan which is not defined below, but which is used in the Bankruptcy Code, shall have the meaning assigned to it in the Bankruptcy Code.

1.1  "Administrative Claim" shall mean a Claim against the estate of the Debtor allowed by order of the Bankruptcy Court pursuant to section 503(b) of the Bankruptcy Code or incurred by the Debtor in his ordinary court of business from the date the relief order was entered to the Confirmation Date and shall include all fees payable pursuant to section 1930 of title 28, United States Code.

1.2  "Allow", Allowed", "Allowance" or words of similar meaning shall mean with respect to a Claim against the estate of the Debtor that no objection has been interposed within the applicable period of limitation fixed by this Plan or by the Bankruptcy Court and that such period of limitation has expired; or that the Claim has been allowed by an order of the Bankruptcy Court that is no longer subject to appeal or certiorari and as to which no appeal or certiorari is pending.

1.3  "Bankruptcy Code" shall mean the Bankruptcy Reform Act of 1978, as amended, title 11, United States Code, which governs the Chapter 11 case of the Debtor.

1.4  "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Southern District of Florida having jurisdiction over the Chapter 11 case of the Debtor or the United States District Court for the Southern District of Florida having jurisdiction over any part

or all of the chapter 11 case of the Debtor in respect of which the reference has been withdrawn pursuant to Section 157(d) of title 28, United States Code.

1.5 "Bankruptcy Rules" shall mean the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court (including any applicable local rules of the United States District Court for the Southern District of Florida), as now in effect or hereafter amended.

1.6 "Business Day" shall mean a day other than a Saturday, Sunday or legal holiday.

1.7 "Claim" shall have the meaning provided for such term in Section 101(5) of the Bankruptcy Code.

1.8 "Confirmation Date" shall means the date on which the Bankruptcy Court enteres the Confirmation Order on its docket.

1.9 "Confirmation Order" shall mean a Final order of the Bankruptcy Court confirming the provisions of this Plan, pursuant to Section 1129 of the Bankruptcy Code.

1.10 "Debtor" shall mean, New Haitian Alliance Church of Boynton Beach, Inc., the debtor-in-possession in this Chapter 11 proceeding currently pending in the United States Bankruptcy Court for the Southern District of Florida.

1.11 "Disbursing Agent" shall mean the person appointed under the Plan to administer and disburse the cash payments to be made pursuant to paragraph 5.5 of the Plan. The Disbursing Agent shall be New Haitian Alliance Church of Boynton Beach, Inc.

1.12 "Disputed Claim" shall mean any Claim designated as disputed, contingent or unliquidated in the Debtor's Schedules filed in connection with the Chapter 11 case of the Debtor, or any claim against which an objection to the allowance thereof has been, or will be, interposed, and as to which no Final Order has been entered.

1.13    "Effective Date" means the 10th day following the Confirmation Date, and in the event that such date is not a Business Day, the next day thereafter.

1.14    "New Haitian Alliance Church of Boynton Beach, Inc." shall mean the debtor-in-possession in Chapter 11 bankruptcy proceedings currently pending in the United States Bankruptcy Court for the Southern District of Florida under Case No.:10-39163-PGH.

1.15    "Plan" shall mean this Plan of Reorganization in its entirety, together with all addenda, exhibits, schedules and other attachments hereto, in its present form or as it may be modified, amended or supplemented from time to time.

1.16    "Priority Claim" shall mean a Claim entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

1.17    "Rejection Claim" shall mean a Claim arising under Section 502(g) of the Bankruptcy Code from the rejection under Section 365 of the Bankruptcy Code, or under this Plan, of an executor contract or unexpired lease of the Debtor that has not been assumed.

1.18    "United States Trustee" shall mean the Assistant United States Trustee for the Southern District of Florida.

## ARTICLE II
### Classification of Claims and Interests

2.1    An allowed Claim is part of a particular class only to the extent that the Allowed Claim qualifies within the definition of that Class and, is in a different Class to the extent that the remainder of the Claim qualifies within the description of a different Class.

## ARTICLE III
### Treatment of Claims and Interest Under the Plan

3.1    General.    All payments under this Plan commence ten (10) days after confirmation (the "Effective Date").

3.2     Administrative Claims. All Allowed Administrative Claims shall be paid:

(a) In full on the Effective Date or if such Claim is objected to, the Date of a Final Order allowing any such Administrative Claim;

OR

(b) upon such other terms as may be agreed to between the Debtor and each such Administrative Claimant.

Administrative costs for Chapter 11 fees and costs are limited to the fees and costs of the Debtor's Chapter 11 bankruptcy counsel and are $7,500.00 paid to Maurice Hinton as a flat-rate retainer.

All case related payments for services, costs, and expenses will be subject to Court approval. All payments shall be from the Debtor's cash on hand and earned income.

3.3     All fees under 11 U.S.C. §1129(a)(12) shall be paid as required by 28 U.S.C. § 1930.

3.4     <u>Class 1 – Secured Claim of Allied Development Fund, Inc.</u>  Class 1 is the Allowed Secured Claim of Allied Development Fund, Inc. which is secured by a Note and Mortgage on the property known as 400 Hoadley Road, Boynton Beach, Florida to be determined after this Court has determine the secured status pursuant to Section 506 of the U.S. Bankruptcy Code. Debtor shall make payments based on the current value of the subject property. This Class is impaired.

3.5     <u>Class 2 – Unsecured Claim.</u>  Class 2 are the Allowed Claims of General Unsecured Creditors. The holders of these Allowed General Unsecured Claims shall be paid a one-time, pro-rata dividend of twenty percent (10%) on the Effective Date from the Debtor's case on hand and post-petition earnings.

3.6 <u>Payment of U.S. Trustee's Fees</u>: Notwithstanding any other provisions of the Plan to the contrary, the Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6), within ten (10) days of the entry of the order confirming this Plan, for pre-confirmation periods and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period. The Debtor, as a reorganized Debtor, shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6), until the earlier of the closing of this case by the issuance of a Final Decree by the Bankruptcy Court, or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another Chapter under the United states Bankruptcy Code, and the reorganized Debtor shall provide to the United States Trustee upon the payment of each post-confirmation payment an appropriate affidavit indicating all the cash disbursements from the relevant period.

## ARTICLE IV
**Impairment**

4.1 Claims in Class 1 and Class 2 are impaired under this Plan. Impaired classes will be treated as fully set forth in Article III above.

## ARTICLE V
**Means of Execution and Security for Payments**

5.1 The distribution of cash required under the Plan, shall be made from the Debtor's cash on hand and post-petition earned income or as may be available for distribution on or about the Effective Date or, as otherwise agreed to by Debtor and the holders of Allowed Claims.

5.2 The distribution of cash required under Article III of the Plan shall, as set forth in such Article, be made from the Debtor's case on hand and post-petition earned income.

5.3     Upon the entry of the Confirmation Order, the Reorganized Debtor shall be vested with all of its property free and clear of all claims and interest of creditors, except as otherwise provided for herein.

5.4     After the entry of an Order of Confirmation, the Reorganized Debtor shall continue its business, and manage its affairs without further supervision of the Court.

5.5     New Haitian Alliance Church of Boynton Beach, Inc. is named as the disbursing agent and is responsible for making the all payments under the Plan.

5.6     Upon payment in full to Class 2 unsecured creditors, the Debtor will file a Motion under §1141(d)(5)(B) seeking to obtain a discharge.

5.7     Any checks mailed by the disbursing agent for the initial payment to a particular creditor which remains not cleared thirty (30) days after mailing, shall constitute "unclaimed funds" which shall become the Debtor's property.

## ARTICLE VI
**Executory Contracts**

6.1     Any and all Executory Contracts and unexpired leases of the Debtor not expressly assumed herein, assumed prior to the Confirmation Date, or not at the Confirmation Date the subject of pending application to assume, shall be deemed to be rejected.

6.2     Any claims for rejected contracts shall be paid in Class 5 upon determination by agreement or by the Court.

## ARTICLE VII
**Effect of Confirmation**

7.1     Discharge – Upon full payment under the Plan to the unsecured creditors in Class 5 on the Effective Date, the Debtor will file a motion under §1141(d)(5(B) seeking to obtain his discharge.

The payments to be made by the Debtor pursuant to this Plan shall be in full settlement and satisfaction of all Claims against the Debtor.

## ARTICLE VIII
**Cram Down, Modification, Substantive Consolidation**

### UTILIZATION OF CRAM DOWN

If all the applicable provisions of 11 U.S.C. §1129(a) other than paragraph (8), are found to have been met with respect to the Plan, the Debtor may seek confirmation pursuant to 11 U.S.C. §1129(b). For the purposes of seeking confirmation under the cram-down provision of the Code, should that alternative means of confirmation prove to be necessary, Debtor reserves the right to modify or vary the treatment of the claims of the rejection Classes so as to comply with Section 1129(b) of the Code.

### MODIFICATION OF PLAN

The Debtor may propose amendments to or modification of this Plan at any time prior to confirmation with the leave of Court upon notice to parties entitled to receive the same. After confirmation, the Debtor may, with the approval of this Court, and so long as it does not materially adversely affect the interest of creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan, or in the Confirmation Order, in such a manner as is necessary to carry out the purposes and effect of this Plan.

## ARTICLE IX
**Retention of Jurisdiction**

9.1    From and after entry of the Confirmation Order, the Bankruptcy court shall retain such jurisdiction as is legally permissible over the reorganization case for the following purposes:

(a) To hear and determine any and all objections to the allowance of any Claim or any controversy as to the classification of Claims;

(b) To hear and determine any and all applications for compensation and reimbursement of expenses to professionals as well as to hear and determine claims entitled to priority under Section 507(a)(1) of Title 11;

(c) To enable the Debtor to prosecute any and all proceedings which may be brought to set aside liens or encumbrances and to recover any transfers, assets, properties or damages to which the Debtor may be entitled under applicable provision of the Bankruptcy Code or any other Federal, State or local laws; including causes of action, controversies, disputes, conflicts between the Debtor and any other party, including but not limited to any causes of action for objections to claims, preferences or fraudulent transfers and obligations or equitable subordination; and to enter any Order assuring that good, sufficient and marketable legal title is conveyed to the purchaser of Debtor's property;

(d) To consider any necessary valuation issues under Section 506 of the Bankruptcy Code, and any proceeding to determine the amount, validity and priority of liens, in connection with the Debtor's property;

(e) To determine the rights of any party in respect of the assumption or rejection of any executor contracts or unexpired leases;

(f) To correct any defect, cure any omission, or reconcile any inconsistency in the Plan or Order of Confirmation, as may be necessary to carry out the purposes and intent of this Plan;

(g) To modify this Plan after Confirmation, pursuant to the Code;

(h) To enforce and interpret the terms and conditions of this Plan;

(i) To enter Orders to enforce the title, rights and power of the Estate as the Court may deem necessary; and

(j) To enter Orders concluding and closing this case

## ARTICLE X
**Miscellaneous**

10.1   Headings.  Headings are utilized in this Plan for the convenience of reference only, and shall not constitute a part of this Plan for any other purpose.

10.2   Defects, Omissions and Amendments.  This Plan may be altered, amended or modified by Debtor before or after the Confirmation Date as provided in Section 1127 of the Bankruptcy Code.

10.3   Governing Law.  Except to the extent that the Bankruptcy Code or Florida Corporate Law or Florida Not-Profit Law is applicable, all rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida.

10.4   Severability.  Should any provision in this Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any or all other provisions of this Plan.

10.5   Regulatory Approval. No regulatory approval is necessary for the confirmation of this Plan.

Dated: 02-11-2011

_____

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via CM/ECF and/or U.S. Mail to those parties attached to the Service List this 14th day of February 2011.

**Via CM/ECF**
Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

James W. Carpenter
jwc@angelolaw.com

**Via U.S. Mail**
U.S. Attorney General
U.S. Dept. Of Justice
950 Pennsylvania Avenue
Washington, DC 20530

U.S. Attorney General
Southern District of Florida
500 S. Australian Avenue
Suite 400
West Palm Beach, FL 33401

All parties on the attached court creditor matrix

/s/ Maurice Hinton
Maurice Hinton
FBN. 026215